UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

IN RE:

Jeffrey Eugene Davis

DEBTOR(S)

Address: 8775 Marlboro Ave.
Barnwell, SC 29812

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s). (if any): 8620

CASE NO: 19-01730-dd

CHAPTER: 12

NOTICE, MODIFIED CHAPTER 12 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 12 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 12 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

**II. MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditors named below.

**DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON MOTIONS:** Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately.

a) **Lien avoidance.** The judicial liens or nonpossessory, non-purchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part III(b) (4) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

1. <u>Nonpossessory, Non-purchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, non-purchase-money security interest and lien in household goods:

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of Creditor and description of property securing lien | Value of debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest not avoided (see III(b)(2)(ii) below) | Security interest to be avoided (see III(4) below) |
|---|---|---|---|---|---|---|
| $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |

2. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:

| Name of Creditor and description of property securing lien | Estimated amount of lien | Total amount of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|
| $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |

*Use this form for avoidance of liens on co-owned property only.*

| Name of Creditor and description of property securing the lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (debtor's equity less exemption) | Estimated Judicial lien | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |

**b)** **Request for valuation of security, payment of fully secured claims, and modification of unsecured claims.** The debtor request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 4 below. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 below.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor or the estate until the earlier of:

    (1) payment of the underlying debt determined under non-bankruptcy law, or

    (2) discharge of the underlying debt under 11 U.S.C. § 1228, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Value of debtor's interest in property | Amount of superior liens | Estimate of creditor's claim | Amount of secured claim | Unsecured claim after valuation |
|---|---|---|---|---|---|
| | | | | | |

n/a  **c) Assumption or Rejection of Executory Contract/Unexpired Lease:** The following leases or executory contracts will be treated as follows:

| Name of Creditor | Description of leased property or executory contract | Treatment | Current installment payments | Amount of arrearage to be paid | Treatment of arrearage (describe the method and time period of cure) | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| | | ☐ Assume<br>☐ Reject | | | | |

## III. THE CHAPTER 12 PLAN

### a) FUNDING OF PLAN (INSTRUCTION: INCLUDE THE APPLICABLE FUNDING LANGUAGE)

The debtor certifies that all fees, charges and amounts required to be paid before confirmation pursuant to chapter 123 of Title 28 of the United States Code have been paid.

Debtors hereby submit future income in the amount of $614.88 per month for a period of five months commencing August 15, 2019, and then pay $519.40 per month for a period of 55 months, beginning January 15, 2020,

Debtor hereby submits future income in the amount of $26,787.76 per quarter, commencing December 15, 2019 for a period of 20 quarters. Payments will be due on December 15, March 15, June 15, and September 15 each year.

### b) PLAN DISBURSEMENTS (INSTRUCTION: INCLUDE THE APPLICABLE DISBURSEMENT LANGUAGE)

After deduction of ten percent (10%) from the above amount, to be applied towards administrative expenses, the trustee shall make disbursements as follows:

1. <u>Treatment of Attorney's Fees</u>: To the attorney's fees of the debtor in an amount not to exceed __NA__ __, after approval by the Court, at the rate of ten percent (10%) of the gross payment, until paid in full. This percentage may be reduced or increased by the trustee as necessary.

2. <u>Treatment of Secured Claims</u>: [INSTRUCTION: THE APPLICABLE LANGUAGE SET FORTH BELOW IS TO BE REPEATED FOR EACH SECURED CREDITOR AND FOR EACH CLASS OF COLLATERAL HELD BY A SECURED CREDITOR.]

If relief from the automatic stay is ordered as to any item of collateral listed in Part III(b)(2), then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on

that collateral will no longer be treated by the plan.

(i) **Maintenance of payments and cure of default**. The debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid by the debtor. Any existing arrear- age on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

Name of Creditor: ____NA_____

Claim No:_____ Claim Amount: _____

Collateral: _____

Amount of Arrearage (if any): _____

Arrearage payments: This creditor is to be paid $_____ per _____ for a period of _____ which includes interest at _____% per annum..

(ii) **Secured portion of claims altered by valuation and lien avoidance**: (The remaining portion of the allowed claim will be treated as a general unsecured claim.)

Name of Creditor: N/A

Claim No:          Claim Amount: $

Collateral:

This creditor is wholly secured in the amount of $*** as of the effective date of

confirmation

.

The unsecured portion of this creditor's claim is $***.

This creditor is to be paid $*** per year for a period of ***years which includes interest at ***% per annum.

Other provisions for this creditor:

.

(iii) **Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):**

Name of Creditor: First Financial Bank

Claim No: 1          Claim Amount: $976,751.21

Collateral: mortgage, equipment, poultry proceeds from pre-petition flock

This creditor is wholly secured in the amount of $955,026.07 as of the effective date of confirmation. Secured amount is based on payoff provided by creditor on August 5, 2019.

This creditor is to be paid $22,182.04 per quarter for a period of 68 quarters (17 years) which includes interest at 5.8% per annum. Payments will commence on December 15, 2019 and will be due December 15, March 15, June 15, and September 15 each year.

Other provisions for this creditor: Payments will be made through the Trustee for the first 20 quarters and directly to the creditor thereafter. The assignment of the payments from Columbia

Farms will terminate upon confirmation and all poultry proceeds will be paid to Debtor.

Name of Creditor: Enterprise Bank SC

Claim No: 2    Claim Amount: $27,808.82

Collateral: residence located at 8775 Marlboro Ave., Barnwell, SC 29812

This creditor is wholly secured in the amount of $27,808.82 as of the effective date of confirmation.

This creditor is to be paid $467.46 per month for a period of 72 months which includes interest at 6.5% per annum. Payments will commence on August 15, 2019 and will be due on the 15th day of each month thereafter for a period of 72 months.

Other provisions for this creditor: Payments to be made through Trustee for first 60 months and directly to creditor thereafter.

<u>Surrender of collateral</u>. The collateral held by each creditor listed below is hereby surrendered. No payment will be made to this creditor. The debtor requests that upon confirmation of this plan the stay under 11U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1201 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in section 4 below.

| Name of Creditor | Collateral |
| --- | --- |
| N/A | |

### 3. Treatment of Priority Claims.

(iv)  <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1): N/A

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ or more per until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1222(a)(2).)

(v) <u>Other Priority debt</u>.

Subsequent to the above, payments to priority creditors, including tax claims, will be paid on a pro-rata basis until paid in full. These are as follows: [INSTRUCTION: THE FOLLOWING SHOULD BE COMPLETED FOR EACH PRIORITY CREDITOR.]

Name of Creditor: Internal Revenue Service

Claim No: not yet filed  Claim Amount: $30,376.00

Payment Amount: $1,780.19 per quarter for a period of 20 quarters

commencing December 15, 2019. Payments include interest at 6.25% A.P.R.

Name of Creditor: South Carolina Department of Revenue

Claim No: not yet filed Claim Amount: $2504.00

Payment Amount: $146.75 per quarter for a period of 20 quarters commencing

December 15, 2019. Payments include interest at 6.25% A.P.R.

3. Treatment of Unsecured Claims.

Subsequent to the above, unsecured creditors will be paid on a pro rata basis. Unsecured creditors will be paid not less than 100% of the total allowed unsecured, non-priority claim, plus interest at 6.25%. Claims in this class will be paid by the Debtor making five monthly payments in the amount of $85.93 commencing August 15, 2019.

## IV. ADDITIONAL PLAN PROVISIONS

Upon confirmation of the plan, the debtor shall tender to the Chapter 12 Trustee, at the time the debtor's first payment under the Plan is due, $200.00 to pay the bank fees associated with the bank account to be opened by the trustee for the debtor's plan payments. On the 12th month thereafter, the debtor shall pay to the trustee $200.00 to pay the bank fees, or an amount agreed to by the debtor and the trustee. Should the bank fees exceed the annual $200.00 payment, the trustee reserves the right to apply for reimbursement for the excess as an administrative expense. Upon completion of the Plan, or dismissal of the debtor's bankruptcy case, the trustee shall return to the debtor any funds not needed to pay the bank fees.

Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan otherwise provides, secured creditors shall retain their liens upon their collateral until the allowed amounts of their claims are paid in full.

Except as provided herein, the automatic stay provisions of 11 U.S.C. § 362(a) shall remain in effect until the case is closed, but may be modified pursuant 11 U.S.C. § 362(d) on motion of a party in interest.

The effective date of confirmation is the date upon which the order of confirmation becomes final.

August 7, 2019

/s/Reid B. Smith
Reid B. Smith
District Court ID #4200
1712 St. Julian Place, Suite 102
(803) 779-2255
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No.: 19-01730-dd |
| | ) | |
| Jeffrey Eugene Davis | ) | Chapter 12 |
| Debtor. | ) | |
| | ) | Feasibility Analysis |
| | ) | |

Attached hereto is a spreadsheet, out the Debtor's projected poultry income and expenses. This information is based on Mr. Davis' actual income and expenses for 2018. Because his operations will not change, future income and expenses should be similar in the future. The Debtor projects gross poultry income of $282,312.00 for each year that he is in a Chapter 12 proceeding. He projects operating expenses of $112,957.00 each year, resulting in net income of $169,355.00.

The Debtor's annual living expenses are projected to be $30,912.00. The total Chapter 12 payments are expected to be $114,565.48. The amount necessary to fund his trustee payments and to pay his living expenses is $145,477.48.

The Debtor will have the ability to make the Plan payments.

August 5, 2019

/s/Reid B. Smith
Reid B. Smith
District Court ID #4200
1712 St. Julian Place, Suite 102
(803) 779-2255
Attorney for Debtor

| | |
|---|---:|
| projected income | 282312 |
| | |
| projected expenses | |
| custom hire | 3,000 |
| gasoline, fuel, & oil | 3,462 |
| labor | 51672 |
| repairs & maintenance | 10,545 |
| supplies | 2,293 |
| taxes | 11,545 |
| utilities | 30,440 |
| total expenses | 112,957 |
| | |
| net income | 169,355 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: | ) Bankruptcy No.: 19-01730-dd |
| | ) |
| Jeffrey Eugene Davis | ) Chapter 12 |
| Debtor. | ) |
| | ) Liquidation Analysis |
| | ) |

The equity in the Debtor's assets requires that all unsecured claims be paid in full with interest. See attached.

Debtor's Plan proposes to pay all unsecured claims in full, plus interest at 6.25% A.P.R. The Plan meets the liquidation test, as all creditors will be paid in full.

August 5, 2019

/s/Reid B. Smith
Reid B. Smith
District Court ID #4200
1712 St. Julian Place, Suite 102
(803) 779-2255
Attorney for Debtor

| | | assett | value | lienholder | debt | equity | exemption | net liq. Value |
|---|---|---|---|---|---|---|---|---|
| 1) | real estate | residence | $110,000 | EBSC | $27,808.82 | $82,191 | $65,660 | $16,531 |
| | | 154.052 and 25.295 acres with poultry houses | $1,408,375 | First Fin. | $976,751.21 | $431,624 | n/a | $431,624 |
| 2) | boat | 14' john boat | $600 | n/a | 0 | $600 | n/a | $600 |
| 3) | household goods | furnishings | $4,940 | n/a | 0 | $4,940 | $4,940 | $0 |
| | | rod reels, tackle | $125 | n/a | 0 | $125 | $125 | $0 |
| | | scuba gear | $200 | n/a | 0 | $200 | $200 | $0 |
| | | firearms | $1,775 | n/a | 0 | $1,775 | $1,775 | $0 |
| | | clothing | $200 | n/a | 0 | $200 | $200 | $0 |
| | | jewelry | $130 | n/a | 0 | $130 | $130 | $0 |
| | | black lab | $50 | n/a | 0 | $50 | $50 | $0 |
| 4) | financial | checking accnt | $978.40 | n/a | 0 | $978.40 | n/a | $978.40 |
| | | security dep | $8,900 | n/a | 0 | $8,900 | n/a | $8,900 |

equity available for unsecured creditors        $458,634

unsecured claims
    priority    32,880
    general    423.05
    total    33,303

% available        100%

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: | ) | BANKRUPTCY CASE NO: 19-01730-dd |
|---|---|---|
| Jeffrey Eugene Davis | ) | CHAPTER 12 |
| Debtor. | ) | |

I, Analyn Bautista-Calatrava, the undersigned employee of Bird & Smith, PA do hereby certify that I have, this 7th day of August, 2019, served a copy of the foregoing Notice, Modified Chapter 12 Plan, Motions to Value Security, Avoid Judicial Lien, Avoid a Nonpurchase Money, Nonpossessory Security Interest and Lien, and/or to Assume or Reject an Executory Contract/Unexpired Lease and this Certificate of Service on below mentioned creditors via US Mail.

See attached mailing matrix

Via CM/ECF
Office of the United States Trustee

/s/ Analyn Bautista-Calatrava
Analyn Bautista-Calatrava
Bird & Smith, PA

```
Label Matrix for local noticing          Ashley Funding Services, LLC             Credit Protection Association
0420-3                                   Resurgent Capital Services               Attn: Bankruptcy
Case 19-01730-dd                         PO Box 10587                             Po Box 302068
District of South Carolina               Greenville, SC 29603-0587                Dallas TX 75380
Columbia
Wed Aug  7 09:59:29 EDT 2019

Jeffrey Eugene Davis                     Directv, LLC                             Enterprise Bank Of So
8775 Marlboro Ave.                       by American InfoSource as agent          13497 Broxton Bridge Rd
Barnwell, SC 29812-2263                  PO Box 5008                              Ehrhardt SC 29081-9602
                                         Carol Stream, IL  60197-5008


Enterprise Bank of SC                    First Financial Bank                     First Financial Bank
c/o Graham S. Mitchell                   Po Box 1754                              c/o Graham S. Mitchell
Nelson Mullins Riley & Scarborough LLP   El Dorado AR 71731-1754                  Nelson Mullins Riley & Scarborough LLP
P.O. Box 11070                                                                    P.O. Box 11070
Columbia, SC 29211-1070                                                           Columbia, SC 29211-1070


Frank B.B. Knowlton                                                               Jefferson Capital Systems, LLC
P.O. Box 11070                                                                    Po Box 1999
Columbia SC 29211-1070                                                            Saint Cloud MN 56302




                                         Graham S Mitchell
                                         Nelson Mullins Riley and Scarborough LLP
                                         1320 Main Street, 17th Floor
                                         Columbia, SC 29201-3268




J. Kershaw Spong
Robinson Gray Stepp & Laffitte, LLC
PO Box 11449
Columbia, SC 29211-1449
```